UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

BOBBY M. REDFIELD,

        Defendant.

Case No. 11-cr-0204-bhl-3

### ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

On January 24, 2013, following a conviction for conspiracy to possess with intent to distribute and distribution of five or more kilograms of cocaine and marijuana, Judge Rudolph T. Randa sentenced Defendant Bobby M. Redfield to a mandatory minimum sentence of one hundred and twenty months incarceration to be followed by five years of supervised release. (ECF No. 251 at 1.) Redfield completed his term of imprisonment and began serving his term of supervised release on June 19, 2019. (ECF No. 458 at 1.) On July 28, 2023, Redfield filed a *pro se* motion for early termination of the remaining term of his supervised release. (ECF No. 456.) The Court ordered the government and probation to respond to Redfield's motion on or before August 18, 2023. (ECF No. 457.) The government responded on August 17, 2023, and does not oppose the motion. (ECF No. 458 at 1.) According to the government's motion, Redfield's supervising agent in Atlanta, Georgia also does not oppose Redfield's request. (*Id*.)

Pursuant to 18 U.S.C. § 3583(e)(1), a district court may terminate a term of supervised release if (1) the defendant has completed at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Mitchell,* No. 03–CR–194, 2013 WL 4763966, at *1 (E.D. Wis. Sept. 4, 2013) (citing *United States v. Medina,* 17 F.Supp.2d 245, 245-46 (S.D.N.Y.1998)). The defendant bears the burden of demonstrating that early termination is justified. *Id.* Under most circumstances,

early termination is granted when the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that his behavior has been exceptionally good, or that continued supervision may impede his rehabilitation. *See United States v. White,* No. 06–CR–50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). Merely following the rules is insufficient to justify early termination.

The record confirms that Redfield satisfies the first two criteria for early termination of his supervised release. He has completed more than one year on supervision and notice has been provided to the government. The dispositive issue is therefore whether termination would be in the interest of justice. Redfield contends that early termination is justified because he has maintained stable employment, a residence, and "done all that is in accord with the conditions of supervised release." (ECF No. 456 at 1.) The government further confirms that Redfield has not had any violations of supervision since his release from prison, reports that he remains drug free and is employed. (ECF No. 458 at 2.) As noted above, complying with the rules of supervision is expected and thus merely satisfying those expectations does not entitle a supervisee to early termination. The Court is persuaded, however, that Redfield has established that early termination is warranted. Both the government and probation do not oppose his request. And the record confirms that Redfield has shown "consistently positive adjustment since his release." (*Id*. at 2.) The pertinent Section 3553(a) factors also support an early release from supervision. Redfield appears to have developed a respect for the law, does not appear to pose any threat or danger to the community, and his rehabilitative efforts included successfully completing a drug screening program. Redfield has consistently been employed and therefore is a contributing member to his community with less than one year remaining of his five-year term of supervision.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Termination of Supervised Release (ECF No. 456) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant is discharged from supervision and the proceedings in this case are terminated.

Dated at Milwaukee, Wisconsin on August 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge